POLEN, J.
 

 Appellant/Cross-Appellee, Bella Aurora Pacheco, M.D., P.A., (the P.A.) appeals the trial court’s partial summary judgment as to liability determining that the P.A. breached its lease agreement with Appel-lee/Cross-Appellant, Syneron, Inc. (Syner-on). Syneron cross-appeals the final judgment awarding it damages in the amount of $41,458.00 plus pre-judgment interest.
 

 Syneron sued both Bella Aurora Pacheco, M.D.
 
 [1]
 
 (Dr. Pacheco) and Bella Aurora Pacheco, M.D., P.A. (the P.A.) for breach of contract
 
 [2]
 
 alleging that the P.A. entered a lease agreement with National City Commercial Capital Company, LLC
 
 [3]
 
 in September 2006 by which the P.A. agreed to lease certain medical equipment for use in its business in Broward County. Payments were to commence in January 2008. However, aside from the payment due at lease signing, no payments were ever made by Dr. Pacheco or the P.A. Accordingly, Syneron sought to accelerate the remaining payments and recover $141,256.03 in damages plus interest, court costs, and attorney’s fees. The equipment
 
 *1220
 
 was actually returned to Syneron in May 2008.
 

 The subject lease was signed by Dr. Pacheco and not by the P.A. At the same time, however, Dr. Pacheco identified as a corporation in Paragraph 2 of the lease and also provided her Social Security number and a Federal Tax ID number. In an amendment to the lease, the address of the equipment location was changed and the legal business name was changed from Bella Aurora Pacheco, M.D. to Bella Aurora Pacheco, M.D., P.A. This amendment states that it is entered into between National City and the Lessee, but it is only signed by a representative from National City.
 

 In their answer to Syneron’s complaint, the defendants admitted that the P.A. entered into the lease agreement. Dr. Pacheco also stated during a deposition that the P.A. had entered the lease agreement.
 

 Syneron filed a motion for summary judgment against both the P.A. and Dr. Pacheco. Following a hearing, Judge David Krathen entered partial summary judgment as to the issue of liability against both the P.A. and Dr. Pacheco. Partial summary judgment as to the issue of damages was denied.
 

 In July 2009, the parties proceeded to bench trial before Judge Jack Tuter on the issue of damages. Dr. Pacheco testified that she had not seen the amendment to the lease until just prior to the trial, and had no recollection of seeing it before that. Syneron’s representative testified that there was nothing indicating that Dr. Pacheco had requested the lease amendment and nothing indicating that Dr. Pacheco had ever received the amendment.
 

 At the close of Syneron’s case in chief, the P.A. moved to set aside partial summary judgment as to liability and moved for a directed verdict arguing that liability was not shown as to the P.A., that the P.A. never signed the contract, and that the lease agreement was amended unilaterally by Syneron. The court denied the motion.
 

 Ultimately, the court found that Syneron had been damaged as a result of the breach of the lease agreement and entered a judgment for damages in the amount of $41,458.00. The P.A. now timely appeals, and Syneron timely cross-appeals.
 

 We affirm the trial court’s entry of partial summary judgment as to liability. In light of Dr. Pacheco’s and the P.A.’s admission in the pleadings that the lease had been entered into by the P.A., and Dr. Pacheco’s deposition testimony that the P.A. was a party to the lease, the trial court correctly granted Syneron’s motion for partial summary judgment.
 

 However, we reverse the trial court’s award of damages. The lease agreement provides as follows:
 

 If you are ever in default, at our option, we can terminate or cancel this Agreement and require that you: (1) pay the unpaid balance of this Agreement (discounted at 6%); (2) pay the amount of any purchase option and if none is specified, 20% of the original Equipment cost which represents our anticipated residual value in the Equipment; and (3) return the Equipment to us to a location designated by us.
 

 The agreement further provided that any amount owed would be reduced by the net proceeds from the sale of the equipment. Under the above provision, Syneron sought damages in the amount of $141,256.03.
 

 The trial court awarded damages in the amount of $41,458.00, and in so doing admitted that it was trying to achieve an equitable result. This was error. The P.A. presented no evidence to refute that Syneron’s efforts to resell the machine
 
 *1221
 
 were commercially reasonable. The court was required to calculate damages according to the contract between the parties. Accordingly, we reverse and remand for a recalculation of damages per the contractual terms.
 

 Affirmed in part; Reversed and Remanded in part.
 

 WARNER and LEVINE, JJ., concur.
 

 [1]
 

 .Only Bella Aurora Pacheco, M.D., P.A. is here on appeal. Due to the co-defendant, Dr. Pacheco’s demand for jury trial, the trial court bifurcated the trial.
 

 [2]
 

 . The complaint also pled a count for unconditional personal guaranty against Dr. Pacheco.
 

 [3]
 

 . National City subsequently assigned its interest in the lease to Appellee, Syneron, Inc.